Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000676
04-JAN-2019
08:41 AM

NO. CAAP-18-0000676

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ALLY BANK,
Plaintiff/Counterclaim Defendant-Appellee,
v.
JOHN HOCHROTH,
Defendant/Counterclaim Plaintiff-Appellant,
and
SABINA MYOHYUNG HOCHROTH AKA SABINA MYO-HYUNG HOCHROTH;
ISLAND HOME MORTGAGE, LLC., Defendants-Appellees,
and
JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20;
DOE ENTITIES 1-20; AND DOE GOVERNMENTAL UNITS 1-20,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 16-1-0313-02 JPC)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Fujise and Leonard, JJ.)

Upon review of (1) the Defendant/Counterclaim-
Plaintiff/Appellant John Hochroth's (Hochroth) already pending
appeal in CAAP-18-0000465 from the Honorable Jeffrey P.
Crabtree's May 4, 2018 amended post-judgment order granting in
part and denying in part Plaintiff/ Counterclaim-Defendant/
Appellee Ally Bank's (Ally Bank) February 9, 2018 post-judgment
motion for an award of attorneys' fees and costs (the May 4, 2018
amended post-judgment order awarding attorneys' fees and costs),
and (2) the record in CAAP-18-0000676, it appears that we lack

appellate jurisdiction over Hochroth's appeal in CAAP-18-0000676 from the Honorable Jeffrey P. Crabtree's essentially duplicative rulings in a July 27, 2018 judgment, purportedly pursuant to Rule 54(b) of the Hawaiʻi Rules of Civil Procedure (HRCP), on the very same May 4, 2018 amended post-judgment order awarding attorneys's fees and costs, because the July 27, 2018 HRCP Rule 54(b)-certified judgment was superfluous for the purpose of perfecting John Hochroth's right to obtain appellate review of the rulings within the May 4, 2018 amended post-judgment order awarding attorneys's fees and costs to Ally Bank.

In Civil No. 16-1-0313-02 (JPC), the circuit court entered an October 16, 2017 judgment on a decree of foreclosure in favor of Ally Bank, which Hochroth is appealing in CAAP-17-0000911 pursuant to Hawaii Revised Statutes (HRS) § 667-51(a)(1) (2016). The circuit court also entered a November 20, 2017 HRCP Rule 54(b)-certified judgment in favor of Ally Bank as to Hochroth's counterclaims that was immediately appealable pursuant to HRS § 641-1(a) (2016), HRCP Rule 54(b), and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994). Once a circuit court has entered a judgment (as HRCP Rule 54(a)[1] defines the word "judgment") and a party initiates a post-judgment proceeding, any resulting "post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." Ditto v. McCurdy, 103 Hawaiʻi 153, 157, 80 P.3d 974, 978 (2003) (citation omitted). For example, the Supreme Court of Hawaiʻi explained that a post-judgment order that finally determines a post-judgment motion for attorneys' "fees and interest is an appealable final [post-judgment] order under HRS § 641-1(a)." Chun v. Board of Trustees, 106 Hawaiʻi 416, 429 n.12, 106 P.3d 339, 352 n.12 (2005). In the instant case, the May 4, 2018 amended post-judgment order awarding attorneys' fees

---

[1] "'Judgment' as used in these rules includes a decree and any order from which an appeal lies." HRCP Rule 54(a) (emphasis added).

and costs is an appealable final post-judgment order under HRS § 641-1(a) because it finally determined, and, thus, ended the post-judgment proceedings for Ally Bank's February 9, 2018 post-judgment motion for an award of attorneys' fees and costs.

Pursuant to the thirty-day time limit under Rule 4(a)(1) of the Hawaiʻi Rules of Appellate Procedure (HRAP) for filing a notice of appeal, Hochroth's June 1, 2018 notice of appeal in CAAP-18-0000465 is timely as to the May 4, 2018 amended post-judgment order awarding attorneys' fees and costs. In contrast, however, Hochroth's August 27, 2018 notice of appeal in CAAP-18-0000676 is not timely under HRAP Rule 4(a)(1) as to the May 4, 2018 amended post-judgment order awarding attorneys' fees and costs. Although in CAAP-18-0000676 John Hochroth purports to be appealing from the July 27, 2018 HRCP Rule 54(b)-certified judgment on the May 4, 2018 amended post-judgment order awarding attorneys' fees and costs, "the separate judgment requirement articulated in <u>Jenkins</u> is inapposite in the post-judgment context." <u>Ditto</u>, 103 Hawaiʻi at 158, 80 P.3d at 979.

> Clearly, the rule in <u>Jenkins</u> - to wit, that circuit court orders resolving claims against parties must generally be reduced to a judgment and the judgment must be entered in favor of or against the appropriate parties pursuant to HRCP Rule 58 before an appeal may be taken - is limited to circuit court orders disposing of claims raised in a circuit court complaint.

<u>Id.</u> at 159, 80 P.3d at 980. "Accordingly, the time for appealing the matters conclusively decided by the . . . [post-judgment] order commenced upon entry thereof, not upon entry of the superfluous . . . judgment on the [post-judgment] order." <u>Id.</u> at 159-60, 80 P.3d at 980-81. Consequently, the superfluous July 27, 2018 judgment is not an independently appealable judgment, and Hochroth's attempt to appeal from it in CAAP-18-0000676 is invalid.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-18-0000676 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, January 4, 2019.

Chief Judge

Associate Judge

Associate Judge

4